[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14384
Non-Argument Calendar

_____

D. C. Docket No. 06-00027-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUGENE JEROME SMITH,
a.k.a. Sperm,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____
(As amended 11/19/2007)
**(April 25, 2007)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Eugene Jerome Smith appeals his sentence of 300-months' imprisonment for

one count of conspiracy to distribute and possess with intent to distribute less than

500 grams of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C), one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2, and one count of possession with intent to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  Smith argues that the district court failed to impose a reasonable sentence, and challenges the district court's consideration of alternative sentences.

In this case, under our precedent, the district court correctly calculated the guideline range, understood that the guidelines were advisory, considered the factors set forth in 18 U.S.C. § 3553(a) as well as Smith's arguments, and ultimately imposed a sentence at the low end of the applicable guideline range.[1]  Accordingly, we cannot conclude that his sentence was unreasonable.  United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005).

**AFFIRMED.**

---

[1] To the extent Smith argues that the district court erred in basing the sentence upon a drug amount that exceeded the jury's verdict, this argument is without merit.  United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005).  Accordingly, we need not address Smith's arguments concerning the district court's alternative sentencing calculations.